UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORNALEROS DE LAS PALMAS,<br>   *Plaintiff,*<br><br>vs.<br><br>CITY OF LEAGUE CITY, AND<br>MICHAEL W. JEZ IN HIS OFFICIAL<br>CAPACITY AS CHIEF OF POLICE OF<br>LEAGUE CITY, AND RICK PERRY,<br>INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITY AS GOVERNOR OF THE STATE<br>OF TEXAS,<br>   *Defendants*. | § § § § § § § § § § § § § § | CIVIL ACTION H-11-2703 |

## **ORDER**

This civil rights case is before the court on Governor Rick Perry's motion to dismiss plaintiff's claims against him (Dkt. 7). Having considered the parties' submissions and the law, the motion is granted.

## **Background**

Plaintiff Jornaleros de Las Palmas, or Day Laborers of Las Palmas, is an unincorporated association of Latino day laborers. Plaintiff challenges the constitutionality of Texas Transportation Code § 552.007, which makes it illegal to solicit employment in a roadway. In 2009, League City Police Chief Michael Jez initiated a policy of enforcement of § 552.007 targeting day laborers. Plaintiff's members have been arrested for violations of the statute, including 14 who were arrested during an undercover operation on February 5, 2010. Plaintiff brought this action asserting causes of action pursuant to 42 U.S.C. § 1983

for violation of its members' rights under the First and Fourteenth Amendments, and under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaration that § 552.007 is unconstitutional. Perry moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all of the claims against him.

## Analysis

Perry seeks dismissal of the claims against him for three reasons: (1) plaintiff lacks standing; (2) he is protected by sovereign immunity in his official capacity; and (3) plaintiff has failed to state a claim against him. The first two theories are urged under Rule 12(b)(1) as challenges to the court's jurisdiction. The third is brought under Rule 12(b)(6).

### A.   Waiver

Plaintiff argues that Perry has waived the right to move for dismissal of the individual capacity claims. Perry's motion to dismiss initially was limited to official capacity claims (Dkt. 7, at 1). In his reply, Perry withdrew his objection to service and moved for dismissal of claims against him in his individual capacity as well. The court gave plaintiff an opportunity to respond to the expanded motion (Dkt. 22).

Plaintiff argues that Perry waived the right to move to dismiss individual capacity claims because he never moved to dismiss for insufficient service, and did not move for dismissal of individual capacity claims in the original motion. But, Perry moved for dismissal in the first filing he made in his individual capacity as required by Rule 12(b). And although Perry did not file an individual answer within 21 days of the date plaintiff contends he was individually served, no default was entered.

Plaintiff further argues that Perry waived any argument for dismissal of individual capacity claims because he failed to brief the issue. But with the exception of sovereign immunity, Perry's arguments in favor of dismissal of individual capacity claims are the same as those regarding official capacity claims, and are briefed thoroughly in the original motion and reply.

Finally, to the extent Perry's motion is based on standing, it implicates the court's subject matter jurisdiction. Subject matter jurisdiction cannot be conferred or waived by litigants. *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 802 (5thCir. 2011). Plaintiff's waiver arguments are rejected and the court will consider Perry's motion to dismiss the individual capacity claims.

### B. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle to challenge a court's jurisdiction. A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.*

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, the court should consider the jurisdictional challenge first. *Wolcott v. Sebelius*, 635 F.3d 757,

762 (5th Cir. 2011). However, when the challenged basis for jurisdiction is also an element of the cause of action, "the proper course is to limit the jurisdictional inquiry to facial scrutiny and reserve factual scrutiny for the merits." *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350-51 (5th Cir. 1989).

***Sovereign Immunity (official capacity claims).*** The Eleventh Amendment generally bars suits against the state, including state officers acting in their official capacities. *Ex parte Young*, 209 U.S. 123 (1908), established an exception in a suit against a state official to enjoin enforcement of a statute alleged to be unconstitutional if the official has "some connection with the enforcement of the act." *Id.* at 157.

The Fifth Circuit has developed a two part test for determining whether a state official's connection to enforcement of a law is sufficient to allow a case to proceed consistent with the Eleventh Amendment. *Okpalobi v. Foster*, 244 F.3d 405, 410 (5th Cir. 2001). First, the official must have the ability to enforce the statute at issue; and second, the official must have demonstrated willingness to enforce the statute. *Id.* The general charge of the governor to implement and enforce all the laws of the state is not sufficient to satisfy the "some connection to enforcement" element of *Young*. Whether it is found in the statute being challenged or in some other state law, an official named as a defendant must have a special charge for enforcement of the challenged statute. *Id.* at 419.[1]

---

[1] While it is true that *Okpalobi* involved a statutory scheme enforced only by private civil action, 244 F.3d at 426, the Fifth Circuit has not limited its application to that extreme end of the "connection" scale. *See Yu v. Perry*, 82 Fed. App'x 993, 994 (5th Cir. Dec. 17, 2003); *Hamilton v. Foti*, 372 Fed. App'x 480, 485-86 (5th Cir. Mar. 30, 2010).

4

The Texas Transportation Code does not create any role for the Governor in enforcement of § 552.007. The statute itself contains no special enforcement provisions. Enforcement of § 552.007 is entrusted to local law enforcement officials. *See* TEX. TRANSP. CODE § 543.001 (authorizing any peace officer to arrest without warrant any person in violation of Transportation Code subtitle C, which includes § 552.007). That "he signed the law that re-codified the challenged portion of the Transportation Code, is vested with the supreme executive power of the State, and is responsible for ensuring that the laws of the State of Texas are faithfully executed," (Dkt. 17, at 7), is not enough to meet the requirements of the *Ex parte Young* exception to Perry's sovereign immunity.[2] Plaintiff's claims against Perry in his official capacity must be dismissed for lack of jurisdiction based on sovereign immunity.[3]

***Standing (individual capacity).*** Article III of the Constitution limits federal court jurisdiction to actual controversies. This means a plaintiff must have suffered an actual injury, there must be a causal connection between defendant's conduct and the injury, and it

---

[2] The Fourth Circuit was faced with a similar issue in *Lytle v. Griffith*, 240 F.3d 404 (4th Cir. 2001). The Governor of Virginia raised sovereign immunity for the first time on appeal. The court remanded the case to the district court to determine the Governor's connection to a statute prohibiting loitering on a bridge, and whether that connection was sufficient to apply the *Ex parte Young* exception to sovereign immunity. *Id.* at 410. While not binding precedent, the Chief Judge of the Fourth Circuit wrote a persuasive dissent arguing that remand was not necessary because it was clear the Governor had no real connection to enforcement of the traffic infraction at issue. *Id.* at 413-14. The Fourth Circuit never revisited the issue in the case because the plaintiff substituted the Commissioner of Transportation as defendant on remand. *See Lytle v. Doyle*, 326 F.3d 463 (4th Cir. 2003).

[3] Because sovereign immunity bars official capacity claims, the court need not address Perry's standing and 12(b)(6) arguments as to the official capacity claims.

must be likely that the injury will be redressed by a favorable decision in the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To meet the causal connection standard, the injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party." *Id.*

An association has standing to bring suit on behalf of its members if the members would have standing to sue in their own right, the interests at stake are germane to the associations purpose, and neither the claim asserted nor the relief requested requires the participation of individual members. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

Perry challenges plaintiff's standing on the grounds that plaintiff's members could not sue him in their own right because there is no causal connection between his conduct and plaintiff's injury.[4] The court agrees.[5]

Plaintiff alleges that "Defendant Perry is vested with the supreme executive power of the State and is responsible for ensuring that the laws of the State of Texas are faithfully executed. Governor Perry does not have any authority or discretion to enforce any unconstitutional acts and is therefore also sued in his individual capacity." Dkt. 1 at 2-3. Plaintiff further alleges that by prohibiting the type of solicitation speech used by its

---

[4] The court does not reach Perry's redressability argument. However, the court finds persuasive plaintiff's argument that a declaratory judgment that the statute is unconstitutional would redress its injury.

[5] Plaintiff's concern that if the court were to accept Perry's standing argument, the constitutionality of the statute could never be challenged (Dkt. 17, at 9 n.5) is unfounded. Plaintiff's constitutional challenge will continue against the League City defendants.

members to secure employment "Defendant Governor of the State of Texas deprives members of Plaintiff Jornaleros de Las Palmas of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution." Dkt. 1 at 8-9. Those allegations are the only ones in the complaint that specifically address Governor Perry. [6] They are insufficient.

**B.     Rule 12(b)(6)**

If the allegations of the complaint were sufficient to pass facial scrutiny as to standing, the individual capacity claims nonetheless must be dismissed.

In determining whether a complaint fails to state a claim under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

---

[6]     The parties did not present any evidence outside of the complaint for purposes of determining any factual disputes.

As noted above, plaintiff alleges only that Perry has supreme executive power, and that his enforcement of the law violates plaintiff's constitutional rights. Plaintiff's allegation that Perry is violating plaintiff's members rights does not state a plausible claim for relief against him because it is not backed up by any allegation that he actually has done anything to enforce the statute. The motion to dismiss claims against Perry in his individual capacity must be dismissed for failure to state a claim

## Conclusion

Plaintiff's claims against Perry in his official capacity are dismissed based on sovereign immunity. Plaintiff's claims against Perry in his individual capacity are dismissed for lack of standing and in the alternative for failure to state a claim upon which relief may be granted.

Signed at Houston, Texas on December 14, 2011.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge